# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-643-CFC-SRF |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff Jeffrey Gilbert filed this action on April 27, 2018. (D.I. 1; D.I. 2) He proceeds *pro se*. An Order was entered on January 2, 2019, which gave Plaintiff until March 4, 2019 to submit an opening brief. (D.I. 10) To date, Plaintiff has not filed an opening brief.

### II. BACKGROUND

Plaintiff commenced this action on April 27, 2018. (D.I. 1; D.I. 2) The scheduling order provided a deadline for filing Plaintiff's opening brief of March 4, 2019. (D.I. 10) On March 5, 2019, Plaintiff filed a letter indicating that he was seeking attorney representation and sought an extension of time. (D.I. 11) The court granted Plaintiff's motion for an extension of time on March 20, 2019. (D.I. 12) Plaintiff's opening brief became due on or before April 22, 2019. (*Id.*) The deadline passed and Plaintiff did not file an opening brief nor request a further extension of time to file it.

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019 to succeed Acting Commissioner Nancy A. Berryhill.

On April 29, 2019, the court issued an Order to Show Cause on or before May 24, 2019 as to why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (D.I. 14) The deadline passed and Plaintiff did not request an extension of time, file his opening brief, or otherwise respond to the Order to Show Cause. On May 30, 2019, the court issued an Order to Show Cause on or before June 30, 2019 as to why this case should not be dismissed for failure to prosecute. (D.I. 15) The deadline passed and Plaintiff did not request an extension of time, file his opening brief, or otherwise respond to the Order to Show Cause. On July 2, 2019, the court issued an Order to Show Cause on or before August 1, 2019 as to why the case should not be dismissed for failure to prosecute. (D.I. 16)

The deadline passed and, on August 5, 2019, Plaintiff submitted a letter to the court indicating that he was seeking attorney representation and that he sought an extension of time. (D.I. 17) The court granted Plaintiff's motion for an extension of time on August 6, 2019. (D.I. 18) Plaintiff's opening brief became due on or before September 6, 2019. (*Id.*) Moreover, the Order provided notice to the Plaintiff that his failure to submit his opening brief by the deadline of September 6, 2019 may result in the dismissal of his case. (*Id.*) To date, the Plaintiff has failed to submit an opening brief or otherwise respond to the Order to Show Cause.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court should assess the following six factors to determine whether dismissal is warranted and abuses its discretion where it fails to properly consider and balance the factors. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand*, 923 F.3d at 128; *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal). "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132 (citations omitted). If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

## IV. DISCUSSION

I recommend that the *Poulis* factors warrant dismissal of Plaintiff's claims. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). In addition, Defendant is prejudiced by

3

Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to file his opening brief impedes Defendant's ability to meaningfully respond to the scope of Plaintiff's appeal and to submit Defendant's cross-motion for summary judgment.

As to the third factor, there is a history of dilatoriness given that Plaintiff has failed to respond to four of the court's Orders. (D.I. 13; D.I. 14; D.I. 15; D.I. 16) Plaintiff has filed two motions for extension of time to respond to the court's Orders to Show Cause and file his opening brief. (D.I. 11; D.I. 17) As to the fourth factor, the court will not conclude at this time that the Plaintiff's failure to prosecute is willful or in bad faith. As to the fifth factor, monetary sanctions are not a consideration.[2]

As to the sixth factor, the merits of the claim, Plaintiff filed for both Social Security Disability Insurance Benefits ("DIB") under Title II, and Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act (the "Act"). (D.I. 8-5 at 28-35) On October 5, 2016, the Administrative Law Judge ("ALJ") issued an unfavorable decision, finding that Plaintiff was not disabled under the Act. (D.I. 8-2 at 65-66) The Appeals Council subsequently denied Plaintiff's request for review on December 4, 2017, rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 9-12) On April 27, 2018, Plaintiff brought the instant civil action challenging the ALJ's decision. (D.I. 2) "The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Hildebrand*, 923 F.3d at 137 (citation omitted). "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."

---

[2] The Plaintiff was granted leave to proceed *in forma pauperis*. (D.I. 4)

*Id.* (quoting *Poulis*, 747 F.2d at 869-70). At this stage of the proceedings, the court cannot assess whether Plaintiff's claims have merit, despite his failure to prevail on the merits of his claims at the administrative level.

Therefore, given Plaintiff's failure to file an opening brief and his history of dilatoriness, the court recommends that the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

For the foregoing reasons, the court recommends dismissing the case without prejudice for failure to prosecute. The Clerk of Court shall cause a copy of this Report and Recommendation to be mailed to Plaintiff.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to five (5) pages each.

The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 10, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE